UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONARD JACKSON,  :  <br>     Petitioner, : <br> : <br> v. : <br> : <br> WARDEN STRANGE, : <br>     Respondent. : | PRISONER CASE NO: <br> 3:03cv32 (CFD) <br><br> NOVEMBER 28, 2006 |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Leonard Jackson, currently confined at the State of Connecticut Garner Correctional Institution in Newtown, Connecticut, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction of attempted robbery and conspiracy to commit robbery. For the reasons set forth below, the petition is denied.

**I.      Procedural Background**

On September 13, 1996, in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport, a jury convicted Jackson of Attempted Robbery in the First Degree in violation of Connecticut General Statutes §§ 53a-134(a)(4) and 53a-49 and Conspiracy to Commit Robbery in the First Degree in violation of Connecticut General Statutes §§ 53a-134(a)(4) and 53a-48. The court sentenced Jackson to twenty years of imprisonment (suspended after twelve years) and followed by five years of probation. The petitioner appealed his conviction to the Connecticut Appellate Court. On May 26, 1998, the Connecticut Appellate Court affirmed the conviction and sentence in a per curiam decision. See State v. Jackson, 49 Conn. App. 901, 718 A.2d 88 (1998). On September 15, 1998, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Appellate Court. See State v.

Jackson, 247 Conn. 906, 720 A.2d 515 (1998).

On April 27, 1999, Jackson filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Danbury, claiming that counsel had been ineffective during trial. On June 4, 2001, a Connecticut Superior Court Judge denied the petition after an evidentiary hearing. Jackson appealed that ruling to the Connecticut Appellate Court. On February 12, 2002, that court dismissed the appeal. See Jackson v. Commissioner of Correction, 68 Conn. App. 190, 791 A.2d 588 (2002). On March 28, 2002, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court. See Jackson v. Commissioner of Correction, 260 Conn. 910, 795 A.2d 544 (2002). This petition followed.

## II.     Standard of Review

The federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in state custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court. See Estelle v. McGuire, 502 U.S. 62, 68 (1991); Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), significantly amended 28 U.S.C. §§ 2244, 2253, 2254, and 2255. The amendments "place[] a new constraint" on the ability of a federal court to grant habeas corpus relief to a state prisoner with respect to claims adjudicated

on the merits in state court.  Williams v. Taylor, 529 U.S. 362, 412 (2000) (taken from the portion of the opinion delivered by Justice O'Connor).  The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context."  Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002).

A decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court] has done on a set of materially indistinguishable facts."  Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court decision is an "unreasonable application" of clearly established federal law "if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the particular case."  Id.  When considering the unreasonable application clause, the focus of the inquiry "is on whether the state court's application of clearly established federal law is objectively unreasonable."  Id.  The Court has emphasized that "an unreasonable application is

3

different from an incorrect one." Id. (citing Williams, 529 U.S. at 411 (holding that a federal court may not issue a writ of habeas corpus under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly"). In both scenarios, federal law is "clearly established" if it may be found in holdings, not dicta, of the Supreme Court as of the date of the relevant state court decision. Williams, 519 U.S. at 412.

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See Boyette v, Lefevre, 246 F.3d 76, 88-89 (2d Cir. 2001) (noting that deference or presumption of correctness is afforded state court findings where state court has adjudicated constitutional claims on the merits).

Collateral review of a conviction is not merely a "rerun of the direct appeal." Lee v. McCaughtry, 933 F.2d 536, 538 (7th Cir.), cert. denied, 502 U.S. 895 (1991). Thus, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." Brecht v. Abrahamson, 507 U.S. 619, 634 (1993) (citations and internal quotation marks omitted).

**III.   Discussion**

Jackson sets forth one claim in his petition. He argues that trial counsel was ineffective because he failed to inform him of a plea offer until after the jury was returning its verdict.

4

An ineffective assistance of counsel claim is reviewed under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail, the petitioner must demonstrate, first, that counsel's conduct "fell below an objective standard of reasonableness" established by prevailing professional norms and, second, that this incompetence caused prejudice to him.  Id. at 687-88.  Counsel is presumed to be competent.  Thus, "the burden rests on the accused to demonstrate a constitutional violation."  United States v. Cronic, 466 U.S. 648, 658 (1984).  To satisfy the prejudice prong of the Strickland test, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome" of a trial.  Id.  When the ineffective assistance of counsel claim is premised on counsel's strategies or decisions, the petitioner must demonstrate that he was prejudiced by his counsel's conduct.  To prevail, the petitioner must demonstrate both deficient performance and sufficient prejudice.  See Strickland, 466 U.S. at 700.  Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.

In its analysis, the Connecticut Superior Court applied the standard established in Strickland.  Because the state court applied the correct legal standard, the state court decision cannot meet the "contrary to" prong of section 2254(d)(1).  Thus, Jackson may obtain federal habeas relief only if the state court decision was an unreasonable application of that standard to the facts of this case.

At Jackson's hearing on his state habeas petition, the Connecticut Superior Court made the following findings and legal conclusions with regard to Jackson's claim

that counsel was ineffective at trial:

>     [And] I find Attorney Frank Riccio from Bridgeport represented Mr. Leonard Jackson in connection with a criminal charge of robbery in the Part A Court in Bridgeport. And that Attorney Riccio met with the petitioner, Mr. Leonard Jackson, on several occasions prior to the criminal trial in this case. And that on February 13, 1996, Attorney Riccio did communicate a plea bargain offer to the defendant, and the offer was twelve years suspended after seven. There was no period of probation specified.
>
>     Attorney Riccio communicated that plea bargain offer in writing and he signed the plea bargain - - the plea bargain notification form – that's what I'm calling it – and that form was admitted into evidence. . . .
>
>     The petitioner received the written notice of the plea bargain and refused to sign it. The petitioner indicated that he felt that it was a -– the charge against him was a simple case of panhandling and decided to go to trial.
>
>     The petitioner had been arrested on numerous occasions. He was familiar with court procedures. He was familiar with plea bargaining. And he was aware that he had the option of accepting a plea or going to trial. And he decided to accept a plea bargain against his counsel's advice [sic] and was subsequently convicted and sentenced to a much harsher sentence than he would have had if he had accepted the plea bargain.
>
>     Attorney Riccio was in criminal law practice for many years, going back to 1968, or thereabouts. He had tried many Part A cases in Bridgeport. He was familiar with the offers that were made in robbery cases; specifically offers extended by Judge Ronan who was apparently the pretrial judge at the time. And Attorney Riccio was also aware of the policies of Judge Ford, who was trial counsel [sic].
>
>     And in Bridgeport, at the time the petitioner was charged with the offense with which he was charged, the offer of twelve after seven was fair, appropriate, and reasonable in comparison to similar type cases in which offers had been made in that particular courthouse.

> And as I indicated, Attorney Riccio advised Mr. Jackson to accept the offer. And Attorney Riccio explained the law to him. He went over the factual allegations. He explained the range of punishments to Mr. Jackson. And Mr. Jackson nevertheless decided to go to trial and was convicted.

At the state habeas hearing, the court credited the attorney's testimony over Jackson's and concluded that the attorney had provided him with competent representation. The state court judge held that the attorney had communicated the plea bargain to Jackson in writing and verbally prior to jury selection in the case, but Jackson refused to sign the plea bargain notification form and elected to proceed to trial. The judge also concluded that even if he assumed that the attorney had not communicated the plea bargain offer prior to trial, Jackson would not have been prejudiced by the attorney's actions because Jackson would not have accepted the plea bargain. Thus, the court concluded that Jackson had not satisfied either prong of the Strickland test and dismissed the petition on this ground.

If the state court has considered a claim on the merits and the petitioner has not presented clear and convincing evidence to the contrary, the federal court presumes that the state court's factual determinations are correct. See 28 U.S.C. § 2254(e)(1); Boyette v, Lefevre, 246 F.3d 76, 88-89 (2d Cir. 2001). Here, the state court decision is supported by specific references to the evidence presented at the hearing and the court's determination of the credibility of the witnesses. Jackson has not rebutted that presumption by presenting clear and convincing evidence to the contrary. Thus, the court presumes that the state court's factual findings are correct.

The Court concludes that the determination of the state court that Jackson was afforded effective assistance of trial counsel is not an unreasonable application of the

law to the facts of this case.  Accordingly, the amended petition for writ of habeas corpus is denied.

IV.     **CONCLUSION**

The petition for a writ of habeas corpus [**Doc. # 1**] is **DENIED**.  Because the petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated this 28th day of November, 2006, at Hartford, Connecticut.


/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge